FILED
2022 JAN 13 AM 11:37
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| BROCK and MISTY BERUBE,<br><br>Plaintiffs,<br>v.<br><br>SSA GULF, INC.; SPECIALIZED RAIL SERVICE, INC.; and DOES I-V,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:20-cv-00160-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendant SSA Gulf Inc.'s Motion for a Protective Order. (ECF No. 37.) SSA Gulf seeks to prevent Plaintiffs Brock and Misty Berube from taking the deposition of two of its employees, Stacy McCoy and Jeremy Pierson. Because the discovery sought by Plaintiffs is not cumulative, unduly burdensome, duplicative, or disproportionate to the needs of this case, the court will deny Defendant's motion.[1]

BACKGROUND[2]

In 2018, Defendant SSA Gulf loaded a rail car with large and heavy bales of paper stock. Plaintiff Brock Berube was unloading the rail car as part of his job duties when the bales of paper stock fell and crushed Mr. Berube causing serious injuries. Plaintiff suffered a traumatic brain injury leading to memory loss, difficulty with concentration, mood changes, and an increase in anxiety. Mr. Berube also suffered a left leg injury, a torn meniscus in his left knee requiring

---

[1] Judge Jill N. Parrish referred this case to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters. (ECF No. 23.) The court elects to decide the motion the basis of the written memoranda. DUCivR 7-1.

[2] The court sets forth the facts as alleged in Plaintiffs' Complaint. (ECF No. 4-1.)

arthroscopic repair, left knee pain, and low back pain. Plaintiff alleges SSA Gulf failed to use reasonable care in loading the paper stock bales into the rail car, which led to his injuries.

Plaintiffs requested the depositions of Rick Betancourt, Stacey McCoy, and Jeremy Pierson in September 2021. "SSA Gulf agreed to the depositions being conducted via Zoom." Op. p. 1. SSA Gulf raised a concern about Plaintiffs potentially exceeding their deposition limit and the parties reached an agreement allowing for additional depositions. Following this agreement, in December 2021, Defendant for the first time objected to producing Stacey McCoy and Jeremy Pierson for deposition. Plaintiffs note that thus far, only three depositions have been taken of SSA Gulf witnesses, and three depositions of Codefendant Specialized Rail Service witnesses. Defendants have cross-claims against each other and both utilized part of these depositions, which they each declined to provide notice for, to ask questions regarding their allegations.

## DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) authorizes discovery of

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (2021). Courts broadly construe relevance, and a discovery request is considered if there is, "any possibility" that the information sought may be relevant to the claim or defense of any party. *See, e.g., Sheldon v. Vermonty,* 204 F.R.D. 679, 689–90 (D.Kan.2001).

All discovery, however, is subject to the proportionality limitations imposed by Rule 26 and parties may obtain discovery that is "proportional to the needs of the case.." Fed. R. Civ. P.

2

26(b). Therefore, while the court may order discovery of any matter relevant to the issues involved in the action, there are limits. For example, a "party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). The Federal Rules of Civil Procedure also permit a court to restrict or preclude discovery, when justice requires, to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c).

Here the depositions of two individuals are at issue in Defendant's motion, Stacey McCoy, and Jeremy Pierson. SSA Gulf has already made available Rick Bentancourt "the contemporary of … McCoy and Pierson" for deposition. Mtn p. 2. SSA Gulf argues the depositions of Steve McCoy and Jeremy Pierson are unnecessary because "Plaintiffs have already taken the deposition of SSA Gulf employee Shane Taylor, who supervises Messrs, McCoy and Pierson … and McCoy and Pierson have no knowledge … that is not duplicative or cumulative of the information available from [others]." *Id.* p. 2-3. In support, Defendant relies on Tenth Circuit caselaw affirming, "subordinate employees should not be deposed to the extent the same information may be obtained from supervisors." *Kidd v. Taos Ski Valley,* 88 F.3d 848, 853 (10th Cir. 1996). Further, "McCoy and Pierson both reside in Texas requiring costly travel to best prepare the deponents." *Id.* p. 3. The court finds SSA Gulf's arguments unpersuasive.

First, SSA Gulf's argument regarding costly travel is undermined by the parties' agreement to take the depositions via Zoom. This will not require McCoy or Pierson to incur large travel costs and it will have added safety benefits given the large spike in Coivd-19 cases across the nation from the Omicron variant. *See, e.g., Brooks v. Pikes Peak Hospice,* 497 F. Supp. 3d 985, 987 (D. Colo. 2020) (ordering Zoom deposition and noting that "[o]ne of those

current practices that may need re-evaluation is the practice of flying attorneys, clients, and deponents around the country or the world just to take a deposition" due to the Covid-19 pandemic); *Reynard v. Washburn Univ. of Topeka*, 2020 WL 3791876, at *3 (D. Kan. July 7, 2020) (finding good cause for doing remote deposition due to the Covid-19 pandemic).

Second, based on the information before the court, including the affidavits from McCoy and Pierson, the court finds there is a high probability that McCoy and Pierson will have different information than that provided by other witnesses that is relevant to the claims in this action. Thus, the circumstances in *Kidd*, 88 F.3d at 853, are not directly on point. And, the requested depositions are proportional to the needs of this case.

Defendant's Motion for a Protective order is therefore DENIED.

DATED this 13 January 2022.

_____
Dustin B. Pead
United States Magistrate Judge