FILED
2022 FEB 8
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| BROCK and MISTY BERUBE,<br><br>Plaintiffs,<br>v.<br><br>SSA GULF, INC.; SPECIALIZED RAIL SERVICE, INC.; and DOES I-V,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL<br><br>Case No. 1:20-cv-00160-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter comes before the court on Plaintiffs' Motion to Compel Communications. (ECF No. 43.) Plaintiffs seek to compel further responses to their discovery requests. Having reviewed the discovery requests and the parties' correspondence, the court finds some of the requests overbroad. The court therefore will deny the motion in part and order Plaintiffs to narrow the requests and work with Defendants to reach an amicable solution.[1] *See, e.g., Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 650 (10th Cir. 2008) (noting that it is the parties' responsibility to "narrow any disputes with opposing counsel" regarding discovery issues and not the court's).

## BACKGROUND[2]

In 2018, Defendant SSA Gulf loaded a rail car with large, heavy bales of paper stock. Plaintiff Brock Berube was unloading the rail car as part of his job duties when the bales of paper stock fell and crushed him causing serious injuries. Plaintiff suffered a traumatic brain injury

---

[1] Judge Jill N. Parrish referred this case to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters. (ECF No. 23.) Pursuant to civil rule 7–1 of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion based on the written memoranda. *See* DUCivR 7-1.

[2] The court sets forth the facts as alleged in Plaintiffs' Complaint. (ECF No. 4-1.)

leading to memory loss, difficulty with concentration, mood changes, and an increase in anxiety. Mr. Berube also suffered a left leg injury, a torn meniscus in his left knee requiring arthroscopic repair, left knee pain, and low back pain. Plaintiff alleges SSA Gulf failed to use reasonable care in loading the paper stock bales into the rail car, which led to his injuries.

## DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) authorizes discovery of

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (2021). Courts broadly construe relevance, and a discovery request is considered if there is, "any possibility" that the information sought may be relevant to the claim or defense of any party. *See, e.g.,* Sheldon v. Vermonty, 204 F.R.D. 679, 689–90 (D.Kan.2001). All discovery, however, is subject to the proportionality limitations imposed by Rule 26 and parties may obtain discovery that is "proportional to the needs of the case.." Fed. R. Civ. P. 26(b). Therefore, while the court may order discovery of any matter relevant to the issues involved in the action, there are limits.

The instant dispute centers on three of Plaintiffs discovery requests. Plaintiffs seek an order compelling Defendant to supplement its responses to Interrogatory 11, Request for Production 1, and Request for Production 5. In December 20211, Defendant SSA Gulf, Inc. (SSA) employee Rhonda Davis testified that, she had received communications concerning complaints about shipping practices from Defendant Specialized Rail Service, Inc. (SRS), prior to January 2, 2018, but that she limited her search to such materials to a two-month range. Mtn.

p. 2, ECF No. 43. Plaintiffs then requested the missing documents. SSA expressed concern about the scope of the requests and Plaintiffs agreed to limit the scope to five years prior to the date of the accident through the present. Plaintiffs assert that such a concession was not enough for SSA. Instead, "SSA wanted Plaintiffs to re-do their discovery requests, but SSA would not promise to produce documents even if Plaintiffs did so." Mtn. p. 2. The court turns to the discovery requests.

### I.     Interrogatory 11

Interrogatory 11 asks SSA to provide:

> whether SSA has ever received complaints from any of its customers or business partners (including but not limited to SRS), regarding the way in which products had been loaded or shipped by SSA. If the answer is yes, state the following for each occurrence:
> (a) The name of the complaining and/or accusing individual/company;
> (b) The date SSA became aware of the complaint;
> (c) The resolution of the complaint; and
> (d) The SSA representative who has the most knowledge of the complaint

SSA objected to this interrogatory as being vague, ambiguous, overly broad because it is not limited by time or scope, and improper as it seeks irrelevant information. SSA then answered, "SRS did not make any complaints to SSA Gulf regarding load shifting before the incident." Mtn. ex. 1 p. 5.

Plaintiffs argue the requested information is relevant on issues of notice and the request is not overly broad because interrogatory 11 "asks only for complaints about the shipping or loading methods". Mtn. p. 3. Even with Plaintiffs additional time limitation, the court finds this interrogatory overbroad because there are no limitations regarding products. Instead, the interrogatory seeks information for any products "loaded or shipped by SSA." In the court's view, this interrogatory does not provide enough specificity with regard to the relevant subject matter of this case. *See, e.g., Regan–Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir.2008)

("Under our rules, parties to civil litigation are given broad discovery privileges. But with those privileges come certain modest obligations, one of which is the duty to state discovery requests with reasonable particularity.") (quotations and citation omitted). Seeking information for any product is simply too broad of a request. Accordingly, this portion of Plaintiffs' motion is denied.

## II.     Request for Production 1

This request seeks production of "all of the documents relied upon or referred to in answering any of the Interrogatories or Requests for Admission." Mtn. ex. 1 p. 6. SSA responded that it "does not have any materials responsive to this request other than those provided by Plaintiffs and SRS." *Id.* p. 7.

This type of a request is a standard one that the court has seen in many cases. SSA is ordered to provide further supplementation to this RFP that includes a larger time frame (five years prior to the date of the accident through the present). Limiting the search for such materials to only a two-month range, as testified to by Rhonda Davis, is improper under the relevancy and proportionality standards of Rule 26. This portion of Plaintiff's motion is granted.

## III.     Request for Production 5

Plaintiffs' RFP number 5 asks SSA to produce "copies of all communications between SSA and Specialized Rail Service, including but not limited to all letters, instructions, emails, text messages, etc." Mtn. ex. 1 p. 7. SSA objected stating that the request is "overly broad because its scope and timeframe are undefined". *Id.* p. 8. The court rejects the timeframe objection based upon Plaintiffs limiting the requested information to five years prior to the date of the accident through the present. The court, however, agrees with SSA that there needs to be further limitation as to scope. For example, SSA suggests limiting communications regarding "Fibria (the customer), load shifts, or accidents." Op. p. 2. Although this exact language is not

necessary, the court directs the parties to seek agreement on limitation as to scope. Accordingly, this portion of Plaintiffs' motion is denied.

Finally, the court directs the parties to work together to further refine the discovery requests. *See, e.g., Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459, (D. Kan. 1999) ("When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery. The parties need to address and discuss the propriety of asserted objections. They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention. They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.")

## ORDER

For the reasons set forth above, Plaintiffs' Motion to Compel Communications is Denied in part and Granted in part.[3]

IT IS SO ORDERED.

DATED this 8 February 2022.

_____
Dustin B. Pead
United States Magistrate Judge

---

[3] The court finds awarding Plaintiffs expense under Rule 37 improper based upon the record before it.