IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| BROCK and MISTY BERUBE,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>SSA GULF, INC.; SPECIALIZED RAIL SERVICE, INC.; and DOES I-V,<br><br>　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTIONS FOR PROTECTIVE ORDERS<br><br>Case No. 1:20-cv-00160-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Dustin B. Pead |

　　　　This matter comes before the court on Defendant SSA Gulf, Inc.'s Motions for Protective Order regarding revised discovery requests. (ECF No. 73, ECF No. 74.) SSA Gulf seeks to limit the dates for production found in Revised Request for Production No. 5 and Revised Interrogatory No. 11. Having reviewed the revised discovery requests and the parties' memoranda, the court will deny the motions.

## BACKGROUND[1]

　　　　In 2018, Defendant loaded a rail car with large, heavy bales of paper stock. Plaintiff Brock Berube was unloading the rail car as part of his job duties when the bales of paper stock fell and crushed him causing serious injuries. Plaintiff suffered a traumatic brain injury leading to memory loss, difficulty with concentration, mood changes, and an increase in anxiety. Mr. Berube also suffered a left leg injury, a torn meniscus in his left knee requiring arthroscopic repair, left knee pain, and low back pain. Plaintiff alleges SSA Gulf failed to use reasonable care in loading the paper stock bales into the rail car, which led to his injuries.

---

[1] The court sets forth the facts as alleged in Plaintiffs' Complaint. (ECF No. 4-1.)

## DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) authorizes discovery of

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (2021). Courts broadly construe relevance, and a discovery request is considered if there is, "any possibility" that the information sought may be relevant to the claim or defense of any party. *See, e.g., Sheldon v. Vermonty*, 204 F.R.D. 679, 689–90 (D.Kan.2001). All discovery, however, is subject to the proportionality limitations imposed by Rule 26 and parties may obtain discovery that is "proportional to the needs of the case.." Fed. R. Civ. P. 26(b). Therefore, while the court may order discovery of any matter relevant to the issues involved in the action, there are limits.

The current dispute centers on the requested dates for production. Revised Request No. 5 states:

> Produce copies of all communications between SSA and Specialized Rail Service (including but not limited to all letters, instructions, emails, text messages, etc.) regarding Fibria (the product), any accidents, and any load-shifting2 of shipped material/product which involves patterned stacking and/or securing (similar to unitized wood pulp) for the period beginning on February 21, 2013 through the present.

(ECF No. 73-1.) Plaintiff's accident occurred on February 21, 2018. SSA Gulf requests the court "limit the period of Revised Request No. 5 to between February 21, 2013, through February 28, 2022—four years and seven days after the accident." (ECF No. 73 p. 2.) SSA Gulf points to relevance and proportionality concerns asserting when the relevancy of materials is not apparent,

2

the requesting part must show the relevancy of the requested items. In support Defendants cite to *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006). The *Johnson* court set forth the applicable standards for discovery under Rule 26 and noted that when "the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance" by meeting certain requirements. *Id.* Conversely, "when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Id.* The discovery request here does not fit in the latter standard shifting the burden to Plaintiffs to justify production.

In a prior order, the court found some of Plaintiffs' original discovery requests overbroad and ordered that they be narrowed. The court also rejected SSA Gulf's objection regarding Plaintiffs' requested dates for producing discovery of "five years prior to the date of the accident through the present." February 9, 2022, Memorandum Decision p. 4, ECF No. 47. There is nothing in the revised request that persuades the court to further limit the date limitation and Defendants fail to present any compelling reason to do so. In fact, the limiting of discovery from a date certain in the past to "through the present" is relatively common. See *Sanchez-Mena v. Gomez-Paz*, No. 2:20-CV-36, 2021 WL 5103874, at *2 (D. Utah Apr. 9, 2021) (compelling production of multiple discovery requests containing a limitation from a date certain "through the present"); *Sunstate Equip. Co., LLC. v. EquipmentShare*, No. 2:19-CV-784 HCN, 2020 WL 7481246, at *2 (D. Utah Dec. 18, 2020) (finding a discovery request relevant that used a limitation of a date certain through the present); *Stratton v. Thompson/Ctr. Arms*, Inc., No. 4:18-CV-00040-DN-PK, 2019 WL 6498249, at *4 (D. Utah Dec. 3, 2019) ("these discovery requests were clearly limited in time, seeking only certain information and documents Thompson had received 'from 2007 through the present.'").

3

SSA Gulf's arguments seeking to limit dates as to Revised Interrogatory No. 11 are basically identical to its prior arguments concerning Revised Request No. 5. Revised Interrogatory No. 11 states:

> Identify all complaints that SSA has received from any of its customers or business partners (including but not limited to SRS), regarding the loading of Fibria, unitized woodpulp1, or other material/product which involves patterned stacking and/or securing (similar to unitized wood pulp), for the period beginning on February 21, 2013 through the present. For each complaint, identify:
>
> (a) The name of the complaining and/or accusing individual/company;
> (b) The date SSA became aware of the complaint;
> (c) The resolution of the complaint; and
> (d) The SSA representative who has the most knowledge of the complaint.

(ECF No. 74-1.) Again SSA Gulf seeks to limit the dates of production to not include "through the present." Instead, Defendants request a period beginning on February 21, 2013 (five years before the accident) to December 21, 2020. The court is not persuaded by this position for the same reasons already set forth previously. Moreover there is nothing in either request that leads the court to switch the burden to Plaintiffs to show the relevancy of the request. See *Johnson*, 238 F.R.D. at 653.

## ORDER

For the reasons set forth above, Defendants' Motions for Protective Order are both DENIED.

IT IS SO ORDERED.

DATED this 27 June 2022.

_____
Dustin B. Pead
United States Magistrate Judge